### In re MOORE.

(District Court, D. West Virginia. November 19, 1900.)

BANKRUPTCY—WITHHOLDING PROPERTY FROM TRUSTEE—SUMMARY PROCEEDINGS.
On the appointment and qualification of a trustee in bankruptcy he is vested with the title to the bankrupt's property, which carries with it constructive possession. The property is thus brought into the custody of the court, and the trustee cannot be compelled to resort to a suit to recover its possession, where his right is not contested, but any one withholding such possession while making no claim to the property is guilty of a contempt of court, and may be summarily proceeded against for its recovery.

In Bankruptcy.

JACKSON, District Judge. The certificate of the referee, and the report of the trustee of the above bankrupt, which have been certified to the district judge, show that the bankrupt, just prior to the filing of the petition herein, turned over to his wife certain moneys and properties amounting to $300 in value, which properties she now refuses to turn over to the trustee, although admitting the receipt. The wife of said bankrupt has made no claim of ownership of said property, but simply claims, according to the record now before me, that she is advised by her counsel not to deliver possession thereof to said trustee unless ordered by the court. While title to property or moneys claimed by the trustee to belong to the bankrupt are not ordinarily to be tried by the district court, and the claims of ownership of adverse claimants summarily be passed upon and determined by this court, yet, the ownership not being contested, the trustee should not be driven to his action to obtain possession of property of the bankrupt simply because such property is in the possession or custody of another not claiming ownership thereof. Were this the case, the trustee might be compelled to institute suit for every sepa-

rate item of the bankrupt's estate not in the personal, physical possession of the bankrupt at the date of the adjudication; and the malice, caprice, or whim of the bankrupt, or the various parties who chanced to have physical control of portions of the bankrupt's estate at that date, could, on any pretext, or without pretext, nullify the entire purpose of the act. Fortunately, the bankruptcy act is not subject to such an absurdity. As soon as the trustee is appointed and qualified, he is vested with the title to the bankrupt's property. The vesting of the title gives him constructive possession of the property the instant the title passes. Such property is thereby brought into the bankruptcy court, and placed in its custody, and under its protection, as fully as if in the visible presence of the court. Being in the custody of the bankruptcy court, to interfere with it or withhold it is contempt of such court, and may be punishable as such. Section 21e provides that a certified copy of the order approving the bond of the trustee shall constitute conclusive evidence of the vesting in him of the title to the property of the bankrupt, and is sufficient to authorize and require all custodians of such property, wherever situated, to deliver it to such trustee. Section 70, subd. 5, provides that the trustee shall be vested by operation of law with the title of the bankrupt to all "property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him." Upon the facts of this case an order should be entered requiring Mrs. Moore to forthwith turn over to the trustee all property of the bankrupt of every description, in her possession, and a failure to comply therewith would, upon proper proceedings had thereon, constitute a contempt of this court.